UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. V:10-118-1 |
| | § | |
| LORENE MARTINEZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Lorene Martinez' ("Martinez") Motion for Modification and Reduction of Sentence (Dkt. No. 345).

I. Background

Martinez was sentenced to 42 months in the Bureau of Prisons in 2012 based upon her conviction for Conspiracy to Transport Unlawful Aliens and Conspiracy to Commit Money Laundering. (Dkt. No. 280.) She previously moved to reduce her sentence pursuant 18 U.S.C. § 3582 to due to "continuing program[m]ing" and the fact that she has "tried to cope with [her] incarceration in a positive way." (Dkt. No. 328 at 2.) The Court denied Martinez' motion by written order entered March 20, 2013, finding that "[b]ecause Martinez does not fit within the exceptions provided by § 3582, the Court has no authority to resentence her under this statute." (Dkt. No. 330 at 2.)

Citing 18 U.S.C. § 3582 and *Pepper v. United States*, 131 S. Ct. 1229 (2011), Martinez again moves the Court to consider evidence of her post-conviction rehabilitation and grant her a reduced sentence.

## II. Legal Standard

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, — U.S. —, 130 S.Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582. A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582. These circumstances are:  (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure;[1] and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009).

## III. Analysis

The Court first finds that Martinez still does not qualify for a reduced sentence under 18 U.S.C. § 3582. Neither the Director of the Bureau of Prisons nor the Government has moved to reduce Martinez' sentence, nor has she shown that her sentencing range has been subsequently lowered or that a sentence reduction is otherwise permitted by statute. *Id.*

The Court further finds that Martinez' reliance on *Pepper v. United States*, 131 S. Ct. 1229 (2011), is misplaced. In *Pepper*, the Supreme Court held that "*when a defendant's sentence has been set aside on appeal and his case remanded for resentencing*, a district court may

---

1.  Federal Rule of Criminal Procedure 35 allows the Government to file a motion to reduce sentence based on substantial assistance. FED. R. CRIM P. 35(b).

consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Id.* at 1241 (emphasis added). Like Martinez here, the defendant in *United States v. Martin*, 491 Fed. App'x 500, 501 (5th Cir. 2012), argued that § 3582(c) and *Pepper* allowed the district court to reevaluate whether, given his post-sentencing rehabilitative efforts, his sentence should be reduced. In denying the defendant's request for a reduced sentence, the Fifth Circuit explained that because the district court determined that the defendant was ineligible for a reduction under 18 U.S.C. § 3582, the court "was not required to determine whether the 18 U.S.C. § 3553(a) sentencing factors warranted a reduction." *Id.* at 501. The court further found the defendant's arguments based on the "inapposite Supreme Court opinion" in *Pepper* to be "unavailing." *Id.*

Because Martinez' sentence has not been set aside on appeal, nor has she shown that she is entitled to a sentence reduction under § 3582, this Court has no authority to resentence her.

**IV. Conclusion**

For the reasons set forth above, Martinez' Motion for Modification and Reduction of Sentence (Dkt. No. 345) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 24th day of June, 2013.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

3